Elmer M. BLOCKER, Petitioner,

v.

The Honorable David N. MARTIN,
Associate District Judge,
Respondent.

No. 82664.

Supreme Court of Oklahoma.

Feb. 3, 1994.

**ORDER**

On consideration of the paperwork on file, the court *finds* and *orders* as follows:

(1) It takes original cognizance of this cause to decide the single question (presented by the petitioner) whether a due process hearing is required by our constitution, Art. 2 § 7, OKL. CONST.,[1] before an order "directing blood tests to determine paternity" may issue. 10 O.S.1991 § 77.1.

(2) The *question* whose tender we accept today *is answered in the affirmative.*

(3) An essential principle of due process is that a deprivation of life, liberty or property be preceded by notice and opportunity for *hearing appropriate to the nature of the case.* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). A person's corporal integrity is protected from *inappropriate state-compelled deliberate intrusions* to secure withdrawal of vital fluids for evidence purposes. Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); Schmerber v. State of California, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed.2d 908 (1966); *see also,* Collins v. City of Harker Heights, Tex., —— U.S. ——, —— ft. 10, 112 S.Ct. 1061, 1069, ft. 10, 117 L.Ed.2d 261 (1992).

(4) When the provisions of Section 77.1 are invoked to secure an order compelling a blood test, a *predeprivation hearing* is the putative father's constitutional due. Boddie v. Connecticut, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

(5) The November 18, 1993 blood test order of the district court is hence *unenforceable as constitutionally infirm.*

(6) This court's order leaves the respondent-judge free to *hear and determine* the

1. Art. 2, § 7, OKL. CONST., provides that: No person shall be deprived of life, liberty, or property, without due process of law.

quest for a blood test in a manner consistent with the minimum standards of due process.

(7) By this order the court *corrects* and *releases* for *official publication* its February 1, 1994 disposition herein.

SIMMS, HARGRAVE, OPALA, KAUGER and SUMMERS, JJ., *concur.*

HODGES, C.J., LAVENDER, V.C.J., ALMA WILSON and WATT, JJ., dissent.